```
             IN THE UNITED STATES DISTRICT COURT FOR THE
                     SOUTHERN DISTRICT OF GEORGIA
                          STATESBORO DIVISION
```

DUSTIN COLLINS,                    *
                                   *
    Plaintiff,                   *
                                   *
    v.                            *       CV 620-089
                                   *
BTS & SONS ASSOCIATES, INC.        *
and SOUTH EAST PERSONNEL           *
LEASING, INC.,                     *
                                   *
    Defendants.                   *

## O R D E R

Before the Court is Defendant South East Personnel Leasing, Inc.'s (SPLI) motion to dismiss (Doc. 9) and Plaintiff Dustin Collins' motion to strike. (Doc. 11.) For the following reasons, the motion to strike is denied as moot, and the motion to dismiss is converted into a motion for summary judgment.

With its motion to dismiss, SPLI included two declarations from Heather Clark, SPLI's Human Resources Director, and Pam Lamb, SPLI's CEO. (See Docs. 9-1; 9-2.) Plaintiff moved to strike these declarations, arguing that courts must confine their review to the contents of the complaint at the pleading stage. See Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1329 n.7 (11th Cir. 2006). Plaintiff moves in the alternative to have the motion to dismiss converted into one for summary judgment with an opportunity to conduct discovery.

"When a court considers matters outside of the pleadings in a [Rule] 12(b)(6) motion to dismiss, the court converts that motion into a motion for summary judgment." Poulsen v. Publix Super Markets, Inc.,

302 F. App'x 906, 908 (11th Cir. 2008) (citing FED. R. CIV. P. 12(b); Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002)). Because the motion to dismiss is limited to the relatively discrete issue of whether SPLI was Plaintiff's employer, and determination of that question could resolve SPLI's liability, the Court finds it most efficient to consider evidence outside the pleadings.

Upon the foregoing, the motion to dismiss (Doc. 9) is **CONVERTED** into a motion for summary judgment. The Clerk is directed to issue a notice of summary judgment pursuant to Griffith v. Wainwright, 772 F.3d 822, 825 (11th Cir. 1985) (per curiam) to Plaintiff. A thirty-day period of discovery limited to exposition of the issues contained in the motion shall begin on the date of the Clerk's filing of the Griffith notice. Upon the conclusion of the discovery period, Plaintiff shall have twenty-one days to file a response to the motion along with any evidence that may normally be submitted at the summary judgment stage. Defendants shall then have fourteen days from the submission of Plaintiff's response to reply and file any additional evidence. The motion to strike (Doc. 11) is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia this 4th day of December 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA